UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| THE DAILY WIRE, LLC,<br><br>           Plaintiff,<br><br>    v.<br><br>THE UNITED STATES DEPARTMENT OF JUSTICE,<br><br>           Defendant. | Civil Action No. 23-3799 (JEB) |

## ANSWER

Defendant United States Department of Justice ("Defendant" or the "Department"), by and through its undersigned counsel, respectfully submits the following as its Answer to Plaintiff's Complaint in the above-captioned action. Except as specifically admitted herein, Defendant denies each and every allegation contained in the Complaint.

By way of general response, all allegations made or intended to be made against Defendant are denied unless specifically admitted, and any factual averment admitted is admitted only as to the specific facts and not as to any conclusions, characterizations, implications, or speculations stated, incorporated, or implied in connection therewith. Defendant reserves its right to amend this Answer if appropriate following further investigation in this matter. The foregoing is incorporated into each paragraph of this answer.

Furthermore, to the extent the Complaint refers to or quotes from external documents, statutes, or other sources, Defendant's references thereto are not intended to be, and should not be construed to be, an admission that the cited materials are: (a) correctly cited or quoted by Plaintiff, (b) relevant to this or any other action, or (c) admissible in this, or any other, action.

Defendant responds to Plaintiff's Complaint in like numbered paragraphs as follows:

1. The allegations contained in Paragraph 1 consist of Plaintiff's characterizations of this action to which no response is required. To the extent a response is deemed required, Defendant admits only that Plaintiff purports to bring this action pursuant to the Freedom of Information Act ("FOIA") and otherwise denies the allegations in this paragraph.

## JURISDICTION AND VENUE[1]

2. The allegations contained in Paragraph 2 consist of legal conclusions to which no response is required. To the extent a response is deemed required, Defendant admits that this Court has jurisdiction subject to the terms and conditions of FOIA.

3. The allegations contained in Paragraph 3 consist of legal conclusions to which no response is required. To the extent a response is deemed required, Defendant admits that venue is proper in this District.

## PARTIES

4. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

5. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

6. Defendant admits that the Department is an agency subject to the FOIA and that it is headquartered at 950 Pennsylvania Ave NW, Washington, DC 20530.

---

[1] For ease of reference, Defendant's Answer replicates the headings contained in the Complaint. Although Defendant believes that responses to headings in the Complaint are not required (Fed. R. Civ. P. 10(b)), to the extent a response is deemed required, and to the extent the headings or subheadings could be construed to contain factual allegations, those allegations are denied.

7. Defendant admits that it was in possession of approximately 2,132 documents responsive to Plaintiff's August 2023 FOIA request, which it processed and produced to Plaintiff, and that it was in possession of approximately 40 documents responsive to Plaintiff's October 2023 FOIA request, which it also processed and produced to Plaintiff.

## BACKGROUND

8. Paragraph 8 consists of a quotation from the U.S. Department of Justice's Freedom of Information Act Guidelines, to which no response is required. To the extent a response is deemed required, Defendant directs the Court to the cited Guidelines, which speak for themselves and are the best evidence of their contents, and denies any allegations in this Paragraph inconsistent therewith.

## THE DAILY WIRE'S FOIA REQUESTS

*Hannah Levine Request*

9. Admit.

10. Admit.

11. Defendant denies the allegations, except admits that the Department's Community Relations Service ("CRS") had not responded to the request at the time the Complaint in this matter was filed. Defendant further avers that it has since provided approximately 2,132 responsive documents to the plaintiff.

*Scope of Activity Request*

12. Defendant admits the allegations, to the extent that Plaintiff's request for "a list and brief description of all facilitations, mediations, trainings, and consultations conducted by CRS since 2020" can be characterized as a request for documents that "reflect the scale of the component's activity since 2020."

13. Admit.

14. Defendant admits the allegation, but specifically avers that it lacked the resources to provide expedited processing as requested.

15. Defendant denies the allegations, except admits that CRS had not responded to the request at the time the Complaint was filed. Defendant further avers that it has since provided approximately 40 responsive documents to the Plaintiff.

### CLAIM FOR RELIEF
### Violation of the FOIA, 5 U.S.C. § 552

16. Defendant incorporates its responses to Paragraphs 1-15 above.

17. Paragraph 17 consists of conclusions of law to which no response is required. To the extent a response is deemed required, Defendant denies.

18. Paragraph 18 consists of conclusions of law to which no response is required. To the extent a response is deemed required, Defendant denies.

19. Paragraph 19 consists of conclusions of law to which no response is required. To the extent a response is deemed required, Defendant denies.

20. Paragraph 20 consists of conclusions of law to which no response is required. To the extent a response is deemed required, Defendant denies.

21. Paragraph 21 consists of conclusions of law to which no response is required. To the extent a response is deemed required, Defendant denies.

22. Paragraph 22 consists of conclusions of law to which no response is required. To the extent a response is deemed required, Defendant denies.

23. Paragraph 23 consists of conclusions of law to which no response is required. To the extent a response is deemed required, Defendant denies.

## REQUEST FOR RELIEF

The remaining paragraphs of the Complaint consist of Plaintiff's requests for relief, to which no response is required. To the extent a response is deemed required, Defendant denies that Plaintiff is entitled to the relief requested or to any relief whatsoever.

## DEFENSES

Defendant respectfully requests and reserves the right to amend, alter, and supplement the defenses contained in this Answer as the facts and circumstances giving rise to the Complaint become known to Defendant through the course of the litigation.

### First Defense

Defendant conducted an adequate search for documents responsive to Plaintiff's FOIA request.

### Second Defense

Any information that Defendant has withheld, or will withhold, in response to Plaintiff's FOIA request may be exempt in whole or in part from public disclosure under the FOIA, 5 U.S.C. § 552 *et seq*. and the Privacy Act, 5 U.S.C. § 552(a), *et seq*.

### Third Defense

At all times alleged in the Complaint, Defendant was acting in good faith, with justification, and pursuant to authority.

### Fourth Defense

There is no provision of the FOIA for obtaining declaratory relief against a federal agency.

### Fifth Defense

Defendant's actions or inactions did not violate the FOIA or any other statutory or regulatory provision.

**Sixth Defense**

Plaintiff is neither eligible for, nor entitled to, attorneys' fees and costs in this matter.

Dated: March 1, 2024
Washington, DC

Respectfully submitted,

MATTHEW M. GRAVES, D.C. Bar. #481052
United States Attorney

BRIAN P. HUDAK
Chief, Civil Division


By: _____/s/_____
PATRICIA K. MCBRIDE
Assistant United States Attorney
601 D Street, N.W.
Washington, D.C. 20530
202-252-7123

*Attorneys for the United States of America*